THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL VÉLEZ VÉLEZ, Defendant and Appellant.

No. O-68-7.      Decided March 31, 1969.

Luis A. Archilla Laugier for appellant. J. F. Rodríguez Rivera, Acting Solicitor General, and Federico Rodríguez Gelpí, Assistant Solicitor General, for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The petitioner was sentenced by the District Court, Vega Baja Part, to serve one year in jail after he was found guilty of violating § 263 of the Penal Code, consisting in having failed to provide the necessary food, clothing and medical attendance to his minor unacknowledged daughter, Ada Nivia Otero, whose paternity he denied.

In a new trial the Superior Court, Bayamón Part, rendered judgment determining that said Ada Nivia Otero is petitioner's daughter and ordering him to serve two months in jail. This sentence was suspended on condition that the defendant send to his aforesaid daughter the amount of $45 monthly.

On appeal the petitioner alleges (1) that Act No. 10 of May 16, 1966, amendatory of § 263 of the Penal Code is unconstitutional because (a) it denies the petitioner the equal protection of the laws and (b) because it violates § 17 of Art. III of the Constitution of the Commonwealth of Puerto Rico since it comprises more than one subject and changes the original purpose of the original bill and incorporates matters extraneous to it, and (2) because there was no evidence of the abandonment.

■ Section 263 of the Penal Code, as amended by Act No. 10 of May 16, 1966,[1] does not deny the defendant and petitioner herein the equal protection of the laws.

---

[1] We copy the entire text of said Act No. 10:

"Section 1.—Section 263 of the Penal Code is hereby amended to read as follows:

"Section 263. (a) Every parent who wilfully omits, without lawful excuse, to perform the obligation imposed upon him by law to provide food for his children shall be guilty of a misdemeanor.

"(b) When paternity is admitted by the defendant before a court prior to the trial, or when not at issue, the trial shall be held, and if defendant is adjudged guilty of abandonment, the court shall fix by resolution a reasonable sum for food, warning defendant that noncompliance with such resolution, without lawful excuse, shall be punished as civil contempt.

Said section defines in its subsection (a) the offense of abandonment of children, a misdemeanor. In its subsection (c) it establishes the proceeding to be followed when the defendant denies the paternity providing that "the court shall allow defendant a term of not more than ten (10) days to answer the allegation to the effect, and shall forthwith hold the trial, following the existing rules for presentation of evidence. Within the fifth day after hearing the evidence, the

"(c) When paternity is denied, the court shall allow defendant a term of not more than ten (10) days to answer the allegation to the effect, and shall forthwith hold the trial, following the existing rules for presentation of evidence. Within the fifth day after hearing the evidence, the judge shall decide on the paternity and, if proved, he shall draw a record to the effect and shall make the corresponding resolution fixing, also, the sum for food the defendant shall provide for his child.

"(d) After the preliminary proceedings established in the foregoing subsections, the case shall continue to be heard on the basis of the allegations of abandonment and judgment shall be on this count. The court shall have discretion to suspend the effects of the judgment if he deems it necessary for the welfare of the minor. The defendant may appeal in one sole instance from an adverse judgment on paternity and on abandonment. Such cases shall have preference upon the dockets of the appellate courts.

"(e) Appeal to the Superior Court from any judgment or order under this section shall not stay the effects of the resolution commanding payment of the sum for food; Provided, That in such case of appeal the defendant shall be bound to deposit with the clerk of the Part of the Superior Court before which the appeal has been taken the amounts fixed for food, but these amounts shall not be disposed of until final judgment is rendered by the court. If the defendant fails to comply with the deposit as aforesaid, the court shall set aside the appeal.

"(f) When the judgment becomes final, the court shall make an order, accompanied by a certified copy of the instrument of admission of paternity, or of the judge's determination of paternity, addressed to the keeper of the registry of vital statistics for the latter to register the minor as the child of the defendant, with all the other details required for the birth registration, for all purposes.

"(g) In all actions for violations of this section, including the proceedings on the hearing on noncompliance with the order to provide support, the public interest shall be represented by a district attorney, his assistant, or any special prosecuting attorney designated by the Secretary of Justice, his assistant, or a private special prosecutor designated as provided by section 102, Title 3, of the Laws of Puerto Rico Annotated.

"(h) For the purposes of determining paternity, the District Court shall have concurrent jurisdiction with the Superior Court of Puerto Rico." (1966 Sess. Laws, at 127–128.)

judge shall decide on the paternity and, if proved, he shall draw a record to the effect and shall make the corresponding resolution fixing, also, the sum for food the defendant shall provide for his child." Subsection (d) provides that after these preliminary proceedings the case shall continue to be heard on the basis of the allegations of abandonment and the judgment shall be on this count. Said subsection grants discretion to the Court to suspend the effects of the judgment and also provides that appeal may be taken from the adverse judgment on paternity and abandonment before the Superior Court.

Petitioner's allegation is that the action of filiation established by the Civil Code provides more advantageous procedural measures for the defendant, such as the means established by the Rules of Civil Procedure for the discovery of evidence, which are inapplicable to criminal actions and that the petitioner being able to choose the most suitable, when the criminal action is brought under § 263 of the Penal Code, he is deprived of his right to the equality with other citizens who defend themselves on the authority of the Civil Code.

The difference which may exist between both proceedings does not violate § 7 of Art. II of our Constitution, which provides that no person in Puerto Rico shall be denied the equal protection of the laws.

The criminal proceeding established in § 263 of the Penal Code offers all the guarantees of the due process of law to the defendant. Besides the notice of charge, time allowed for the defendant to answer the allegation of paternity,[2] plenary suit with the right to cross-examine witnesses for the prosecution, presentation of evidence for the defense, the

---

[2] This Court has already decided, that paternity can be investigated in criminal as well as in civil cases. *People* v. *Rodríguez,* 67 P.R.R. 688 (1947); *Pérez* v. *Superior Court,* 81 P.R.R. 805 (1960); *Rosaly* v. *Rullán,* 86 P.R.R. 748 (1962).

right to legal assistance, etc., the defendant can also make use of the bill of particulars,[3] and examine or interview the witnesses for the prosecution.[4] Every parent of minor, unacknowledged children, who wilfully and without lawful excuse omits to perform the obligation imposed upon him by law to provide food for his children, is subject to be prosecuted under § 263 of the Penal Code. The law is therefore applied, equally, to every parent who is in the same situation as the defendant and petitioner herein. We have already said that "all that is required for the equal protection of laws is that no difference be established in the application of the laws among persons belonging to the same group; that there be no discrimination favoring some and injuring others. Said guarantee does not provide like treatment for all persons accused of public offenses. In the aspect of criminal prosecution, simply that persons charged with the commission of a particular offense be subject to identical procedure in their prosecution. [Citations]" *People* v. *Matías Castro*, 90 P.R.R. 515, 518 (1964).

■■ It is true that § 17 of Art. III of the Constitution of the Commonwealth of Puerto Rico, provides, among other things, that no bill, except general appropriation bills, shall become a law unless it is confined to one subject, which shall be clearly expressed in its title, and any part of an act whose subject has not been expressed in the title shall be void.

The title of Act No. 10 of May 16, 1966, reads as follows:

"An Act to amend section 263 of the Penal Code and to establish the procedure for its instrumentation."

This Act amends in its subsection (a) the definition of the offense of abandonment of minors, eliminating the classification of children as legitimate, legitimatized, natural, or

---

[3] See *Sierra, Sec. of Labor* v. *Superior Court*, 81 P.R.R. 540 (1959).
[4] *Hoyos Gómez* v. *Superior Court*, 90 P.R.R. 196 (1964).

acknowledged illegitimate and adopted. In the following subsections, and incidental to the referred amendment, the law draws up the proceeding to be followed when the defendant father admits the paternity or when it is not at issue, as well as when he denies it. That is to say, everything that the law expresses in those following subsections is the instrumentation in detail of § 263, as it is indicated in the title of the law. The title of a law need not be a detailed index of its contents, but merely a signpost of its contents. *People* v. *Pérez*, 83 P.R.R. 221 (1961).

■ Neither the first nor the second error were committed. There is evidence of the abandonment in the record. It is thus revealed in some of the letters written by the defendant. On the other hand, the judge was not bound to believe the hearsay evidence brought by voice of the defendant himself in the sense that the abandoned minor was working and earning a salary of $35 a week.

Now then, the contention made by petitioner concerning the marriage contracted by the abandoned minor after the case was decided by the Superior Court should be reproduced before said court for the proper determination.

The judgment rendered by the Superior Court, Bayamón Part, on December 4, 1967, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.